# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                   )
      v.                       )     I.D. No. 76000001DI
                                   )
WALTER STOKES,           )
                                   )
         Defendant.      )

Date Submitted: November 7, 2019
Date Decided: November 26, 2019

## ORDER

Upon consideration of Defendant's Motion for Correction of Sentence;[1] Superior Court Criminal Rule 35; the facts, arguments, and legal authorities set forth in Defendant's Motion; statutory and decisional law; and the record in this case, **IT APPEARS THAT:**

1. On March 31, 1977, the Defendant was found guilty of the following: (1) First Degree Murder – I76120227; (2) Possession of a Deadly Weapon During the Commission of a Felony – I76120228 ("First PDWDCF"); (3) First Degree Robbery – I77010846; (4) First Degree Conspiracy – I77010847; and (5) Possession of a Deadly Weapon During the Commission of a Felony – I77010850 ("Second PDWDCF").[2]

2. On June 1, 1977, the Defendant was sentenced as follows: for First

---

[1] D.I. 82.

[2] D.I. 10.

Degree Murder, natural life without benefit of parole; for First PDWDCF, 5 years at Level V; for First Degree Robbery, 3 years at Level V with credit for one hundred and twenty-eight (128) days previously served; for First Degree Conspiracy, 1 year at Level V; for Second PDWDCF, 5 years at Level V.[3]

3. On June 22, 1977, the Defendant appealed his conviction and sentence to the Supreme Court of Delaware.[4]

4. On appeal, Defendant argued, among other things, that "there was insufficient proof of the *Corpus delicti* to support the convictions for First Degree Robbery and Possession of a Deadly Weapon during the robbery"[5] because the only evidence in the record was the Defendant's confession.[6]

5. The Supreme Court found that "there must be some evidence of the *Corpus delicti* of a crime, independent of the defendant's confession to support a conviction."[7] Thus, the Supreme Court reversed the Defendant's conviction for the First Degree Robbery and Second PDWDCF.[8]

6. On May 25, 1979, the Defendant's sentence was corrected as follows: for First Degree Murder, natural life without benefit of parole; for First PDWDCF, 5 years at Level V; for First Degree Conspiracy, 1 year at Level V; for First Degree

---

[3] D.I. 18.
[4] D.I. 20.
[5] *Stokes v. State*, 402 A.2d 376, 378 (Del. 1979).
[6] *Id.* at 382.
[7] *Id.*
[8] *Id.*

Robbery, stricken; for Second PDWDCF, stricken.[9]

7. In the instant Motion, the Defendant asks the Court to correct his sentence pursuant to Superior Court Criminal Rule 35(a), arguing he was illegally sentenced on May 25, 1979 in violation of Superior Court Criminal Rule 32(a)(1)(C).[10] Defendant contends that the Court did not allow him the opportunity to be heard at his resentencing hearing.[11]

8. Pursuant to Superior Court Criminal Rule 35(a), "the court may correct an illegal sentence at any time." However, "the limited purpose of Rule 35(a) is to permit correction of an illegal sentence."[12]

9. In *Hooks v. State*, the Delaware Supreme Court held that the defendants' rights were not violated when the Superior Court resentenced them to the mandatory life terms by written order rather than in open court in the presence of defendants and their counsel.[13] The Supreme Court noted,

> Given the fact that (a) when the original sentences were imposed defendants were in court with counsel and had an opportunity to be heard both personally and through counsel, and that (b) the Trial Judge had no discretion in imposing the life sentences after remand, we find no reversible error in these special circumstances.[14]

10. Defendant is not entitled to relief under Rule 35(a) because he was not

---

[9] D.I. 36.
[10] D.I. 82.
[11] *Id.*
[12] *Grier v. State*, 106 A.3d 1049, at *1 (Del. 2015) (TABLE).
[13] 429 A.2d 1312, 1314 (Del. 1981).
[14] *Id.*

illegally sentenced. When Defendant was originally sentenced, he was present and afforded the opportunity to be heard both personally and through counsel, and sentenced to a mandatory life sentence. Upon remand, the Superior Court had no discretion in imposing the mandatory life sentence. Therefore, Defendant's rights were not violated when the Superior Court issued a written order resentencing him to a mandatory life sentence on May 25, 1979.

**NOW, THEREFORE, IT IS HEREBY ORDERED** for the foregoing reasons, the Defendant's Motion for Correction of Sentence is **DENIED**.

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    Walter Stokes, Jr. (SBI# 00087540)
         Matthew B. Frawley, Esquire

4